UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| PIKE GRAIN COMPANY, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 2:13-CV-51 NAB |
| DAVID PETERS, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER OF DISMISSAL**

This matter is before the Court on Defendant United States of America's ("Government") Motion to Dismiss. [Doc. 10.] The Government seeks dismissal of counts I, III, and V of the Complaint asserting that the Court lacks subject matter jurisdiction over all three counts and Plaintiff fails to plead facts that demonstrate it is entitled to relief. Plaintiff Pike Grain Company, Inc. filed a response asserting that it filed suit against Defendant David Peters alone and the Government requested to be joined to the case, removed the case to this court, and now seeks dismissal of Plaintiff's claims. [Doc. 14.] Plaintiff agrees, however, that it is appropriate that the claims between Plaintiff and Defendant Peters be adjudicated in state court prior to any litigation involving the Government. The parties have consented to the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [Doc. 12.] Based on the following, the Court will grant the Government's Motion to Dismiss and remand the remaining claims to state court.

**I.     Background**

Plaintiff filed this action against Defendant Peters in the Circuit Court of Pike County, Missouri on November 21, 2012. Plaintiff filed a Second Amended Petition for Quiet Title,

Prescriptive Easement, and Injunctive Relief on April 12, 2013 adding the Government as a defendant. On June 5, 2013, the Government removed the action to this Court. The Government then filed a Motion to Dismiss asserting lack of subject matter jurisdiction and failure to state a claim on July 15, 2013. Plaintiff filed a response on July 22, 2013.

## II.     Standard of Review

"In every federal case the court must be satisfied that is has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). Federal Rule of Civil Procedure 12(b)(1) requires dismissal if the court lacks subject matter jurisdiction over a claim. To dismiss an action under Rule 12(b)(1), the complaint must either be successfully challenged on the factual truthfulness of its assertions, or successfully challenged on its face. *Archdiocese of St. Louis, v. Sebelius*, No. 4:12-CV-924 JAR, 2013 WL 328926 at *4 (E.D. Mo. Jan. 29, 2013). A court deciding a motion under Rule 12(b)(1) must distinguish between a facial attack and a factual attack on jurisdiction. *Osborn v. U.S.*, 918 F.2d 724, 729, n. 6 (8th Cir. 1990). In a facial attack, the court restricts itself to the face of the pleadings and in a factual attack, the court considers matters outside the pleadings. *Id.* Because the Government's motion is a facial attack regarding jurisdiction, the non-moving party receives the same protections it would have in defending a motion under Rule 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**III. Discussion**

**A. Count I- Quiet Title**

The Government asserts that the Court lacks subject matter jurisdiction over Count I, because Plaintiff fails to plead the Government's interest with the particularity necessary to waive sovereign immunity. Plaintiff's Count I seeks to quiet title by adverse possession in land currently owned by Defendant Peters.

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota ex. rel. Bd. of Univ. and Sch. Lands*, 461 U.S. 273, 287 (1983). "A necessary corollary of this rule is that when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Id.* The Quiet Title Act, 28 U.S.C. § 2409a, sets forth conditions for suing the Government in disputed title actions. The statute provides that in any action where the Government is named as a party defendant in a civil action to adjudicate a disputed title to real property in which the Government claims an interest, the complaint must set forth with particularity the nature of the right, title, interest, which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States. 28 U.S.C. § 2409a(a),(d).

In this action, it is clear that Plaintiff fails to plead with particularity the Government's right, title, or interest in the property. Plaintiff's Second Amended Petition states the following: "Defendant Peters attempted to convey some interest in Premises A to Defendant United States, the exact nature and character of which is unknown to Plaintiff and cannot be described herein, except that said claim is adverse and prejudicial to Plaintiff." Second Am. Pet. ¶ 5. Because

Plaintiff is unable to describe with particularity the Government's interest in the property at issue with particularity, the provisions of the Quiet Title Act are not met. Thus, the requirements for waiving the Government's sovereign immunity have not been met and the Court lacks subject matter jurisdiction. The Court will grant the Government's request to dismiss Count I against the Government.

### B. Count III- Injunctive Relief and Count V- Unlawful Taking

The Government claims that Plaintiff's allegations under Counts III and Count V are not ripe for adjudication, therefore, the Court lacks subject matter jurisdiction. "The judicially created doctrine of ripeness flows from both the Article III cases and controversies limitations and also from prudential considerations for refusing to exercise jurisdiction." *Iowa League of Cities v. E.P.A.*, 711 F.3d 844, 867 (8th Cir. 2013). The basic rationale of ripeness is to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Nebraska Public Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1037 (8th Cir. 2000). "It requires that before a federal court may address itself to a question, there must exist a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." *Id.* at 1037-38.

"Ripeness is peculiarly a question of timing and is governed by the situation at the time of review, rather than the situation at the time of the events under review." *Iowa League*, 711 F.3d at 867. "A party seeking review must show both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* "Both of these factors are weighed on a sliding scale, but each must be satisfied to at least a minimal degree." *Id.*

In Count III, Plaintiff seeks injunctive relief to access and maintain the property at issue and refrain the Defendants from altering or damaging the property in any way. Second Am. Pet. p. 6. Count V alleges a claim of unlawful taking by the Government in violation of the Fifth Amendment to the United States Constitution and requests that the Court declare all right, title, and interest to Plaintiff and amend "any instrument purporting to transfer an interest in [the property] to the [Government]. Second Am. Pet. pp. 8-9. The Government contends that Plaintiff's claims in Counts III and V are not ripe, because Plaintiff does not possess a property interest and Count V does not include a compensation demand.

The Fifth Amendment prohibits the taking of private property for public use without just compensation. U.S. Const. amend V. "A Fifth Amendment claim is premature until it is clear that the Government has both taken the property and denied just compensation." *Horne v. Dep't of Agriculture*, 133 S.Ct. 2053, 2062 (2013). There must be a final decision with respect to the property at issue and the aggrieved party must seek compensation before the federal court can assert jurisdiction. *Dahlen v. Shelter House*, 598 F.3d 1007, 1010 (8th Cir. 2010).

In this case, Plaintiff agrees that the issue of title to the property should be adjudicated before Plaintiff can assert claims against the Government. Further, Plaintiff's Petition did not seek compensation regarding the taking of the property in Count V. Failure to satisfy that requirement alone means that the claim is not ripe for review and the federal court lacks jurisdiction to entertain the claim. *Dahlen*, 598 F.3d at 1010. Therefore, the Court will grant the Government's request to dismiss Counts III and V against the Government.

**C.    Remand of Remaining Claims to State Court**

Because the Court has dismissed the claims against the Government, the only claims remaining are state law claims between non-diverse defendants. Under 28 U.S.C. § 1367(a), the

court has supplemental jurisdiction over the state law claims alleged in the petition. The district court may decline to exercise supplemental jurisdiction when, as in this case, it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The district court maintains discretion to either remand the state law claims or keep them in federal court. *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002). In the interest of comity, the Court declines to exercise its supplemental jurisdiction over the remaining state law claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant United States of America's Motion to Dismiss is **GRANTED**. [Doc. 10]

**IT IS FURTHER ORDERED** that Counts I, III, and V against the United States of America are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction and the remaining state law claims are **REMANDED** to the Circuit Court of Pike County, Missouri, from which this matter was removed.

Dated this 24th day of July, 2013.

   /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE